Mr. Justice Thacheb.
delivered the opinion of the court.
This is a trial of the' right of property. Upon the trial, the plaintiff in execution moved the circuit court to dismiss the cause, because there was no affidavit of a claim to the property filed by the claimant. This motion was sustained. A claimant’s bond appears in the record, which sets forth that the claimant made claim by affidavit to the property levied on.
A sheriff may not properly take a bond in such a case, unless an affidavit, as required by statute, be first made; but, in cases where the sheriff is not a party, it will be presumed he performed his duty in this particular.
The statute, (H. & H. 634, § 20,) requires the sheriff, or other officer, to return the bond with the execution to the clerk’s office, from which such execution issued, and the court is thereupon directed to cause an issue to be made up between the parties to try the right of property before a jury. The statute is silent as to the disposition of the affidavit. It does not require that it should be made in the circuit,court, or elsewhere particularly. It but requires an affidavit to authorize the sheriff to take a bond, by virtue of which he may suspend the sale under the execution.
The judgment must be reversed, and the cause reinstated in the circuit court for further proceedings.